Champlain Coach Lines, Inc. v. Commissioner.
Champlain Coach Lines, Inc. v. Commissioner
Docket No. 107815.
United States Tax Court
1942 Tax Ct. Memo LEXIS 80; 1 T.C.M. (CCH) 138; T.C.M. (RIA) 42609; November 24, 1942
*80 C. L. Porter, Esq., and Francis A. Fullam, Jr., Esq., for the petitioner. Thomas R. * Charshee, Esq., for the respondent. LEECH
Memorandum Opinion LEECH, J.: Respondent determined deficiencies in income tax against petitioner for the calendar years and in amounts as follows: Year
Amount
1938
$6,090.14
1939
239.39
The petitioner waives all its assignments of error except that respondent improperly disallowed it a deduction of $24,200.93 as a loss sustained during the taxable year 1938. The facts are stipulated and are so found. They are substantially as follows: [The Facts] The petitioner is a New York corporation with its principal office at 605 West 132nd Street, New York City, New York. It filed its corporation income and excess profits tax return for the calendar year 1938 with the collector of internal revenue for the Third District of New York. During the taxable years it was engaged in the interstate carriage of passengers by bus. During the Fall of 1935 petitioner considered entering the business of the operation of buses in interstate traffic, particularly from Albany to the international line near Rouses Point, New York, by way of Schenectady, Ballston *81 Spa, Saratoga Springs, Glens Falls, Lake George, Warrensburgh, Chestertown, * Schroon Lake, Elizabethtown, Keeseville and Plattsburg. Counsel were retained and by early December 1935 were engaged in preparing the local consents required for petitioner's application to the Public Service Commission of New York for a certificate of public convenience and necessity. At a special meeting of petitioner's board of directors held on December 12, 1935, the action of its officers was ratified by the adoption of the following resolution: RESOLVED, that the officers of the Corporation be, and they hereby are, authorized and directed to make a study with a view to determining the amount of intra-state motor coach traffic that might be developed in the various communities between Plattsburg, New York, and Rouses Point, New York, and between Glens Falls, New York, and Warrensburgh, New York. RESOLVED, that the officers of the Corporation be, and they hereby are, authorized and directed to negotiate with the owner or owners of the line operating between Plattsburg, New York, and Rouses Point, New York, for a possible option or purchase of that line as may, in the opinion of the officers of the *82 Corporation, seem desirable. RESOLVED, that the officers of the Corporation be, and they hereby are, authorized and directed to proceed with Counsel in filing in the various communities between Albany, New York, and the international line near Rouses Point, New York, such communities being located generally along the route traversed by the coaches of this Corporation in its New York-Montreal service, applications for consent to operate in and through such communities. Petitioner was advised that since it was not organized under the Transportation Corporations Law of New York it was unable to secure the requisite certificate of public convenience and necessity for intrastate operation. Thereupon, it was proposed that a new corporation be organized under the Transportation Corporations Law of the State of New York. At a special meeting of the board of directors of petitioner on December 27, 1935, the following resolutions were adopted: RESOLVED that the organization of a corporation under the name "Champlain Bus Corporation," pursuant to the Transportation Corporations Law of the State of New York, for the purpose, among others, of operating an intra-state bus route between Albany, *83 N.Y. and the international line near Rouses Point, N.Y., be and hereby is authorized and approved; RESOLVED that the proper officers of this Corporation be and they hereby are authorized to take such steps as may be necessary or desirable in order to accomplish the incorporation and organization of the said Champlain Bus Corporation; RESOLVED that the subscription to and acquisition by this Corporation of such of the capital stock of said Champlain Bus Corporation as may from time to time be issued be and hereby is authorized and approved; and that the proper officers of this Corporation be and hereby are authorized to subscribe for and acquire, without further authorization of this Board, up to $20,000. of such capital stock at its par value; RESOLVED that in connection with any subscription for and acquisition of the capital stock of Champlain Bus Corporation, as aforesaid, the proper officers of this Corporation be and they hereby are authorized to make such applications to the New York State Public Service Commission as may by them, acting upon the advice of counsel, be deemed necessary or desirable; RESOLVED that applications by said Champlain Bus Corporation to the towns, *84 villages and other local communities along its proposed route, pursuant to the New York State Transportation Corporations Law, for consents to the operation by it of its proposed bus service, and the application by it to the New York State Public Service Commission for a certificate or certificates of public convenience and necessity for operation over said route, and the operation by it of a bus service over said route after obtaining such consents and certificate or certificates, be, and hereby respectively are, authorized and approved; RESOLVED that the officers of this Corporation be and they hereby are authorized to render to said Champlain Bus Corporation such assistance and cooperation as by them shall be deemed necessary or desirable in connection with the obtaining of the aforesaid local consents and certificate or certificates of public convenience and necessity and the establishment and operation of the aforesaid bus route. Pursuant to authorization contained in those resolutions, on January 2, 1936 the certificate of incorporation of Champlain Bus Corporation was filed with the Secretary of State of New York. Originally, preparations had been made for obtaining local *85 consents in the name of petitioner. After it was learned that the desired certificate of public convenience and necessity could not be obtained in petitioner's name, said consents were obtained in the name of Champlain Bus Corporation. On June 5, 1936 an application for a certificate of public convenience and necessity was filed with the Public Service Commission in the name of Champlain Bus Corporation. Hearings were held upon said application. On February 3, 1937 the Public Service Commission of the State of New York denied the applications of Champlain Bus Corporation for a certificate of public convenience and necessity. On April 13, 1937 an application for rehearing was granted, and further hearings were held. Thereafter the Public Service Commission by its order dated January 11, 1938, affirmed its order of February 3, 1937, denying the application of Champlain Bus Corporation for a certificate of public convenience and necessity. Under Section 22 of the Public Service Law of New York the time for filing an application for further rehearing expired 30 days after receipt of the letter and order. Under Section 1286 of the Civil Practice Act the time for filing a petition to *86 review said order expired four months after the time for making an application for rehearing. After consideration and upon advice of counsel the order was allowed to become final. During the years 1935, 1936, 1937 and 1938, the petitioner spent the sum of $24,200.93 for expenses in connection with obtaining the local consents and making the application for a certificate of public convenience and necessity referred to above. These expenditures of $24,200.93 were entered on the books of petitioner in the years 1935, 1936, 1937 and 1938 as deferred debits, an account in which are entered only items which are to be capitalized or written off. These entries were made with a view to capitalizing such expenditures when the issuance of a certificate of public convenience and necessity in the name of Champlain Bus Corporation had been procured and the issuance of stock of Champlain Bus Corporation to petitioner with respect thereto had been authorized by the Public Service Commission. No entries were made on the books of Champlain Bus Corporation with respect to the expenditures of $24,200.93. No deductions have been taken by petitioner with respect to these items in determining petitioner's *87 net income in any year prior to 1938. Petitioner took their deduction in its income and excess-profits tax return for the year 1938. Pursuant to authorization contained in the first-quoted resolution, petitioner subscribed for 100 shares of the capital stock of the Champlain Bus Corporation of the par value of $100 per share. On or about May 4, 1936, petitioner paid the subscription by transferring $10,000 to Champlain Bus Corporation, which thereupon issued to petitioner Certificate No. 1 for 100 shares of its capital stock. On August 15, 1936 petitioner and Champlain Bus Corporation, having been advised that this stock could not be validly issued without authorization of the New York Public-Service Commission, filed with the Public Service Commission a joint petition for such authorization to issue the said stock. The Public Service Commission of the State of New York by its order dated February 1, 1938, denied that petition. At a special meeting of the board of directors of petitioner held on May 25, 1938 the following resolutions were adopted: RESOLVED, that the officers of this Company be, and hereby are, authorized and directed to deliver the 100 shares of $100 par value *88 capital stock of Champlain Bus Corporation to Champlain Bus Corporation for cancellation, and FURTHER RESOLVED, that the officers of this Company be, and hereby are, authorized to charge Champlain Bus Corporation the amount of $10,000 as a cash advance, this being the amount paid by Champlain Coach Lines, Inc. for the aforesaid stock of Champlain Bus Corporation. Pursuant to this authorization, Certificate No. 1 for 100 shares of the capital stock of the Champlain Bus Corporation was surrendered by petitioner and canceled, and the sum of $10,000 previously paid by petitioner therefor was transferred upon the books of Champlain Bus Corporation from its capital account to an account payable. The Public Service Commission of New York, by its order dated September 20, 1938, authorized the transfer from Adirondack Motor Bus Company, Inc., to Champlain Bus Corporation of a certificate of public convenience and necessity for intrastate bus operations between Saranac Lake and Plattsburg, between Saranac Lake and Elizabethtown, and between Westport and Port Henry, all in the State of New York. These routes were different from the route covered by the applications of petitioner and Champlain *89 Bus Corporation. Operation of these routes by Champlain Bus Corporation started on October 23, 1938 and expenditures and revenues relative to such operation were reported in the 1938 income tax return of Champlain Bus Corporation. In connection with the issuance to Champlain Bus Corporation of the certificate of public convenience and necessity mentioned in the foregoing paragraph, the Public Service Commission by its order dated December 20, 1938 authorized the issuance to petitioner of 210 shares of the capital stock of Champlain Bus Corporation of the par value of $100 per share. Pursuant to this authorization, on or about January 31, 1939, petitioner paid to Champlain Bus Corporation the sum of $21,000 and received therefor the above-mentioned 210 shares of the capital stock of Champlain Bus Corporation. The petitioner claims the right to deduct the item of $24,200.93 as a loss for 1938 under section 23 (f) of the Revenue Act of 1938. [Opinion] In ; affd., , upon facts substantially the same as those here, a similar deduction was denied to the taxpayer as *90 a business expense. In doing so the court deliberately affirmed the Board in its holding that the expenditure of the taxpayer was an investment in the capital stock of its wholly-owned subsidiary and not an ordinary and necessary expense of the petitioner's business. That holding concludes petitioner from taking the deduction as a loss here. This record not only fails to disclose a basis for the determination that such investment became worthless in the taxable year but, in fact, contradicts the existence of any such premise. Petitioner argues that this result is impossible in view of the stipulation that "Petitioner has not been compensated for said expenditures aggregating $24,200.93, or any part thereof, by insurance or otherwise." We disagree. No stipulation of fact is binding upon this Court where evidence or the other stipulated facts, as here, establish the opposite to be the fact. ; affd., ; ; affd., . Decision will be entered for the respondent.